UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GMAC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE-FOX, INC., a Washington corporation; JACK E. FOX, and the marital community comprised of JACK E. FOX and ELECTA FOX, husband and wife,<br><br>Defendants. | No. CV9-1257-MJP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

THIS MATTER came before the Court on Plaintiff GMAC, Inc.'s Motion for Temporary Restraining Order (Dkt. # 2). The Court, having reviewed the Complaint, Plaintiff's Motion, the Declaration of Jim Garland and the exhibits thereto, and the records and files herein, having been satisfied that Defendants have been served with the complaint and Plaintiff's motion, and having heard from both parties at oral argument on the matter, hereby finds that good cause has been shown to issue the requested temporary restraining order based on the following:

1. Plaintiff GMAC, Inc. ("GMAC") has shown that, at trial, it will likely prevail on the merits of its claims that Defendants are liable for (1) breaching the Wholesale Agreement, the General Security Agreement, the Forbearance Agreement, and the Surrender Agreement; (2) converting the collateral assigned to GMAC under the General Security Agreement and proceeds

thereof, and causing the funds to be used for purposes other than repaying GMAC as agreed; and/or (3) breach of trust for diverting sums held in trust for GMAC and causing the funds to be used for purposes other than repaying GMAC as agreed.

    2.    Plaintiff will suffer irreparable injury if temporary injunctive relief is denied, because the ongoing conversion of its collateral will make it impossible to either perfect its security interest in the collateral or to otherwise reclaim the collateral; and

    3.    The balance of equities favors granting temporary injunctive relief, because the order the court will impose will not impose undue hardship on Defendants, as they will be able to continue their business subject only to the obligation pay GMAC on an ongoing basis to satisfy its collateral interest in each vehicle sold by Defendant.

    4.    Requiring Defendants to abide by the numerous financing agreements they have made with Plaintiff is in the public interest.

    5.    Collectively, these findings satisfy the requirements for injunctive relief as set forth in *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008); *see also Stormans, Inc. v. Selecky*, 571 F.3d 960, 977 (9th Cir. 2009) (noting that *Winter* rejected aspects of the Ninth Circuit's prior standard for injunctive relief).

    6.    The court notes that Defendants contended at oral argument that they would soon seek bankruptcy protection. The court issues this order with the understanding that Defendants have not yet filed a bankruptcy petition.

NOW, THEREFORE, IT IS HEREBY ORDERED:

    1.    Plaintiff's Motion for Temporary Restraining Order is GRANTED.

    2.    Defendants are restrained and enjoined for the period of time this Order is in effect from doing, or from permitting or suffering any other person or entity to do, any of the following: (a) paying, disbursing, or otherwise transferring any proceeds from the sale of any vehicle to any party other than GMAC without first paying GMAC the balance owed to GMAC for the particular vehicle, (b) selling any vehicle acquired by the Dealership with floorplan

1 financing from GMAC for a net sale price less than the balance owed to GMAC for the
2 particular vehicle, (c) commingling any of the proceeds from any vehicle sale with other funds
3 until GMAC has been paid in accordance with subsection (a) above; and (d) interfering with
4 GMAC's rights to have an On-Site Representative at the Dealership's premises.

  3. This restraining order shall become effective for entry upon the posting of a bond in the amount of $50,000 and shall remain in force and effect for ten days in accordance with Fed. R. Civ. P. 65(b)(2), unless otherwise ordered by the court.

DATED this 4th day of September, 2009.

*(signature)*

JAMES L. ROBART
United States District Judge